

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/07 AL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## PROBATION OFFICE

### Petition for Warrant
### with Attached Request for
### Court Action Direction Detailing Probable Cause

Offender: Guo, Qui Xing                Docket Number: 04-CR-1205-13(BSJ)

Sentencing Judge: Honorable Barbara S. Jones, U.S. District Judge

Date of Original Sentence:    June 19, 2006

Original Offense:    Conspiracy to Operate an Illegal Gambling Business (18 USC 371); Operating an Illegal Gambling Business (18 USC 1955)

Original Sentence:    Time Served, to be followed by three (3) years supervised release

Type of Supervision:    Supervised Release      Date Supervision Commenced:    June 19, 2006

## PETITIONING THE COURT TO ISSUE A WARRANT

The offender has not complied with the following condition(s) of supervision:

Violation
Number      Nature of Noncompliance

1. FROM ON OR ABOUT FEBRUARY 20, 2006, UP TO AND INCLUDING THE PRESENT, THE DEFENDANT DID FAIL TO REPORT TO THE PROBATION DEPARTMENT WITHIN 72 HOURS OF RELEASE FROM CUSTODY **(SPECIAL CONDITION). (GRADE C VIOLATION)**

U.S. Probation Officer Recommendation:

The term of supervision should be:

[ ]    Revoked

[ ]    Extended for year(s), for a total term of years.

The conditions of supervision should be modified as follows:



# REQUEST FOR COURT ACTION

| | | |
|---|---|---|
| TO: | HONORABLE BARBARA S. JONES<br>U.S. District Judge | OFFENSE: Conspiracy to Operate an Illegal Gambling Business (18 USC 371); Operating an Illegal Gambling Business (18 USC 1955) |
| | | ORIGINAL SENTENCE: Time Served, to be followed by three (3) years supervised release |
| FROM: | Kevin G. Gilliland<br>Sr. U.S. Probation Officer | SPEC. CONDITIONS: The defendant is to report to the nearest Probation Office within 72 hours of release from custody; It is recommended that the defendant be supervised by this (SDNY) district; the defendant shall provide the Probation Officer With Access to any requested financial information; the defendant shall obey the immigration laws and comply with the directives of immigration authorities; the defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of his release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of supervised release. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. |
| | | AUSA: Jonathan Kolodner |
| RE: | Qui Xing Guo<br>Dkt # 04-CR-1205-13(BSJ) | MED: September 28, 2008 |

DATE OF SENTENCE: September 29, 2005

DATE: June 22, 2006

ATTACHMENTS: PSI, Judgement, Previous Reports, Violation Petition

REQUEST FOR: "WARRANT"

## REQUEST FOR A WARRANT

### CUSTODY STATUS

The defendant is at liberty.

### SUPERVISION ADJUSTMENT

As will be detailed below, we believe the defendant has absconded from supervision. Therefore, given the circumstances, we have little recourse but to conclude that the defendant has made a poor adjustment to supervision.

### VIOLATION CIRCUMSTANCES

1. **FROM ON OR ABOUT FEBRUARY 20, 2006, UP TO AND INCLUDING THE PRESENT, THE DEFENDANT DID FAIL TO REPORT TO THE PROBATION DEPARTMENT WITHIN 72 HOURS OF RELEASE FROM CUSTODY (SPECIAL CONDITION). (GRADE C VIOLATION)**

The defendant was sentenced by Your Honor on September 29, 2005, to a sentence including Time Served. Therefore, the three-year supervision term also commenced that same day. The defendant's supervision term is therefore scheduled to run through September 28, 2008.

However, because the defendant is not a citizen of the United States he was amenable to deportation upon release from imprisonment. For that reason, although the defendant was released from imprisonment on the instant offense, he was not immediately released to the community. Rather, he was subsequently transferred to the York County Jail in Pennsylvania, as an immigration detainee.

Subsequently, we learned that the defendant was transported and booked into the Denver Contract Detention Facility at 11901 East 30th Avenue, Aurora, Co 80010, on December 30, 2005, and appeared to have an outstanding warrant of removal pending with The US Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE).

However, we then learned that on February 17, 2006, ICE released the defendant to the community, under an ICE Order of Supervision (OSUP). Therefore, under the Court's order that the defendant is to report to the Probation Department within 72 hours after release from imprisonment, the defendant was obliged to report 72 hours after his release on February 17, 2006, which would have been February 20, 2006. He did not. Therefore, the defendant became in violation of the Court's directive regarding reporting, as of February 20, 2006. Regardless, we have tried to establish contact with the defendant prior to the filing of this warrant request.

Initially, ICE records indicated that the defendant maintained an address within the Eastern District of New York, on Long Island. This office sent registered mail to the reported address, directing the defendant to report to us, but these letters were never answered. Subsequently, we learned that the defendant had changed his address to an address in Brooklyn, New York. We also sent registered mail to that address, but that letter was also never answered.

We have contacted the US Probation Department for the EDNY. They verified that their office has no record that the defendant ever reported to them following his release from imprisonment.

The most recently reported address on file with immigration authorities for this defendant is 5924 23rd Avenue, Brooklyn, New York. On June 16, 2005, the undersigned visited that address. At that address, the undersigned interviewed an adult woman who resides at that address with her family, and has resided there for some years. In sum, she informed that she has never heard of the defendant, and that nobody fitting his description had ever resided with her under any name. In addition, she explained that she thinks her elderly father, who does not speak English, accepted and signed for our registered mail, then simply discarded the letter, which explains why it was never responded to.

COURT STATUS IN OTHER JURISDICTIONS

It would appear that in having absconded, the defendant would also have violated at the very least some element of the Order of Supervision ICE had ordered. Any determination in how that agency may proceed is up to that agency in its entirety.

CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specification | Grade of Violation | Revocation Range (Based upon a Criminal History Category of I) | |
|---|---|---|---|
| 1 | C | **Guideline:** | **3 - 9 months** |
| | | **Statutory:** | **Up to 2 years** (18 USC 3583(e)(3) |

As the defendant was originally convicted of a Class "D" Felony, he may be required by statute (18 USC 3583(g)) to serve a period of incarceration of up to two (2) years.

Pursuant to 18 USC 3583(e)(3), if the term of supervised release is revoked and the term of imprisonment imposed is less than the maximum two (2) years, pursuant to 18 USC 3583(k), supervised release can be reimposed as authorized by statute for the offense that resulted in the original term of supervised release 21 USC 841(b)(1)(B), less any term of imprisonment that was imposed upon revocation.

RECOMMENDATION

Due to the fact that this defendant has absconded, the issuance of a warrant is the most appropriate course of conduct. Should Your Honor find that the defendant has violated his conditions of supervision, a sentence at the bottom of the applicable guideline range appears appropriate.

However, we recognize that a decision in this matter rests solely within Your Honor's discretion. On the attached page, we have composed a checklist for Your Honor's consideration and response. Upon receipt of Your Honor's reply, we will take the appropriate action.

**If the Court were to revoke the defendant's current term of supervised release and re-impose a term of supervised release, we would respectfully request that the previously imposed Special Conditions remain in effect.**

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the defendant, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

Kevin G. Gilliland
Sr. U.S. Probation Officer

Approved by:

Victor W. Jeffrey
Supervising U.S. Probation Officer

Guo, Qui Xing         45126 -K.G. Gilliland

**I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)**

Respectfully submitted,

Chris J. Stanton
Chief U.S. Probation Officer

Kevin G. Gilliland
Sr. U.S. Probation Officer

Approved by:

Victor W. Jeffrey
Supervising U.S. Probation Officer



The Court Orders;

[X] A warrant shall be issued.

[ ] The Probation Department shall continue to search for this defendant, and inform the Court as to their findings.

[ ] Other

___

___

___

___

___

___

So Ordered:

HONORABLE BARBARA S. JONES
U.S. DISTRICT JUDGE

6/23/06
Dated